UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**NATHAN WITMAN,**
Individually and on behalf of
all those similarly situated,

    Plaintiff,

    v.                                                Case No. 26-CV-00235

**STENY'S, INC.,**

    Defendant.

## COMPLAINT

### PRELIMINARY STATEMENT

**1.** Plaintiff, Nathan Witman, brings individual, collective, and class claims under the Fair Labor Standards Act and Wisconsin law against Defendant, Steny's, Inc. Defendant has employed Plaintiff and members of the FLSA Collective and the Wisconsin Class as front-of-house employees at its restaurant and bar, Steny's Tavern & Grill. Defendant takes at tip credit to meet its obligations to pay front-of-house employees the minimum wage. Defendant also operates a mandatory tip pool that includes kitchen employees who do not customarily and regularly receive tips in violation of 29 U.S.C. § 203(m)(2)(A). Defendant also failed to provide Plaintiff and the FLSA Collective with the requisite notice to take a tip credit in violation 29 U.S.C. § 203(m)(2)(A). Defendant also failed to have a tip declaration signed by Plaintiff and the Wisconsin Class each pay period as required by Wis.

Admin. Code § 272.03(2)(b)1. As a result of these violations, Defendant is not entitled to take a tip credit for front-of-house employees and thus failed to pay Plaintiff, the FLSA Collective, and the Wisconsin Class the minimum wage in violation of the Fair Labor Standard Act and Wisconsin law. In operating an unlawful tip pool, Defendant also kept tips received by Plaintiff and the FLSA Collective in violation of 29 U.S.C. § 203(m)(2)(B).

## PARTIES

2. Nathan Witman is an adult resident of Milwaukee County, Wisconsin.

3. Nathan Witman's consent to join form is filed as Exhibit 1 to this Complaint.

4. Steny's, Inc. is a business corporation incorporated under the laws of Wisconsin.

5. Steny's, Inc.'s registered agent is Jerome K. Stenstrup at 800 South 2nd Street, Milwaukee, WI 53204.

6. The FLSA Collective is defined as:

> All persons who are or were employed as front-of-house employees at Steny's Tavern & Grill and who received a cash wage of less than $7.25 at any time in the two years preceding the filing of this company and through the present.

7. The Wisconsin Class is defined as:

> All persons who are or were employed as front-of-house employees at Steny's Tavern & Grill and who received a cash wage of less than $7.25 at any time in the two years preceding the filing of this company and through the present.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

9. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district and under 28 U.S.C. § 1391(b)(1) because Defendant reside in this district.

## FACTUAL ALLEGATIONS

10. Defendant operates the restaurant and bar Steny's Tavern & Grill at 800 South 2nd Street in Milwaukee, Wisconsin.

11. On information and belief, in each of the three years preceding the filing of this action, Defendant's gross annual business was $500,000 or more.

12. At times in the past three years, Defendant employed Plaintiff as a front-of-house employee at Steny's Tavern & Grill.

13. Defendant paid Plaintiff a cash wage of less than $7.25 per hour.

14. Defendant took a tip credit to meet its obligation to pay Plaintiff the minimum wage.

15. As an employee of Defendant, Plaintiff processed credit card payments from customers using the internet numerous times during each shift.

16. As an employee of Defendant, Plaintiff regularly handled food and beverage products that travelled in interstate commerce during each workweek.

17. At times in the past three years and through the present, Defendant employed each member of the FLSA Collective as a front-of-house employee at Steny's Tavern & Grill.

18. Defendant paid each member of the FLSA Collective a cash wage that was less than $7.25 per hour.

19. Defendant took a tip credit to meet its obligation to pay each member of the FLSA Collective the minimum wage.

20. As an employee of Defendant, each member of the FLSA Collective processed credit card payments from customers using the internet numerous times during each shift.

21. As an employee of Defendant, each member of the FLSA Collective regularly handled food and beverage products that travelled in interstate commerce during each workweek.

22. At times in the past two years and through the present, Defendant employed each member of the Wisconsin Class as a front-of-house employee at Steny's Tavern & Grill.

23. Defendant paid each member of the Wisconsin Class a cash wage that was less than $7.25 per hour.

24. Defendant took a tip credit to meet its obligation to pay each member of the Wisconsin Class the minimum wage.

25. Defendants conducted an unlawful tip pool with tips from Plaintiff, the FLSA Collective, and the Wisconsin Class.

4

Case 2:26-cv-00235-WCG    Filed 02/12/26    Page 4 of 11    Document 1

26. Plaintiff, the FLSA Collective, and the Wisconsin Class receive tips from Defendant's customers.

27. Defendant requires Plaintiff, the FLSA Collective, and the Wisconsin Class to contribute a portion of their tips to a tip pool.

28. Participation in Defendant's tip pool is mandatory for Plaintiff, the FLSA Collective, and the Wisconsin Class.

29. Defendant shares a portion of Plaintiff's, the FLSA Collective's, and the Wisconsin Class's tips from the tip pool with kitchen workers who do not customarily and regularly receive tips.

30. Defendant pays the wages of kitchen workers who do not customarily and regularly receive tips with a portion of Plaintiff's, the FLSA Collective's, and the Wisconsin Class's tips from the tip pool.

31. Defendant does not provide Plaintiff and the FLSA Collective the requisite notice and information to take a tip credit as required by 29 U.S.C. § 203(m)(2)(A).

32. Defendant does not have a tip declaration signed by Plaintiff and the Wisconsin Class each pay period as required by Wis. Admin. Code § 272.03(2)(b)1.

33. Defendant is not entitled to take a tip credit to meet its obligation to pay Plaintiff, the FLSA Collective, and the Wisconsin Class the minimum wage.

34. Defendant did not pay Plaintiff, the FLSA Collective, and the Wisconsin Class a wage of at least $7.25 per hour.

35. In operating an unlawful tip pool, Defendant also kept tips received by Plaintiff and the FLSA Collective.

## CLASS ALLEGATIONS

36. Plaintiff brings the Third Claim for Relief on his own behalf and on behalf of the Wisconsin Class pursuant to Federal Rule of Civil Procedure 23(a) and (b).

37. The persons in the Wisconsin Class are so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy the class definition.

38. There are questions of law and fact common to the Wisconsin Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claim, including, but not limited to:

    a. Whether Defendant takes a tip credit to meet its obligation to pay front-of-house employees the minimum wage; and

    b. Whether Defendant operates a mandatory tip pool that results in the sharing of front-of-house employees' tips with employees who do not customarily and regularly receive tips; and

    c. Whether Defendant has a tip declaration signed by front-of-house employees each pay period.

39. Plaintiff's claims are typical of those of the Wisconsin Class. Plaintiff, like other members of the Wisconsin Class, has been subjected to Defendant's illegal

pay policies and practices resulting in a wage loss, including Defendant's mandatory tip pool that includes employees who do not customarily and regularly receive tips and its failure to secure a signed tip declaration each pay period.

40. Plaintiff will fairly and adequately protect the interests of the Wisconsin Class and has retained counsel experienced in complex wage and hour litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

42. Certification of the Wisconsin Class is appropriate under Rule 23(b)(3) because questions of law and fact common to each class member predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the putative class members the wages to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

43. Plaintiff intends to send notice to all members of the Wisconsin Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff, on his own behalf and on behalf of the FLSA Collective, alleges and incorporates by reference the preceding allegations.

45. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

46. Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

47. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

48. The members of the FLSA Collective are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

49. As alleged above, at times during the three years preceding the filing of this action and through the present, Defendant is not entitled to take a tip credit and thus has not paid Plaintiff and FLSA Collective at a rate of $7.25 per hour for all hours worked in violation of the 29 U.S.C. § 206(a).

50. Defendant knew that, or showed reckless disregard for whether, its conduct violated the Fair Labor Standards Act.

## SECOND CLAIM FOR RELIEF:
## TIP THEFT IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Plaintiff, on his own behalf and on behalf of the FLSA Collective, alleges and incorporates by reference the preceding allegations.

52. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

53. Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

54. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

55. The members of the FLSA Collective are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

56. In operating an unlawful tip pool, Defendant kept tips received by Plaintiff and the FLSA Collective in violation of 29 U.S.C. § 203(m)(2)(B).

57. Defendant knew that, or showed reckless disregard for whether, its conduct violated the Fair Labor Standards Act.

## THIRD CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF WISCONSIN LAW

58. Plaintiff, on his own behalf and on behalf of the Wisconsin Class, alleges and incorporates by reference the preceding allegations.

59. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. § 104.01(3), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 272.01(5).

60. Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 104.01(2), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 272.03.

61. The members of the Wisconsin Class are or were employees of Defendant within the meaning of Wis. Stat. § 104.01(2), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 272.03.

62. As alleged above, at times during the two years preceding the filing of this action and through the present, Defendant is not entitled to take a tip credit and thus has not paid Plaintiff and Wisconsin Class at a rate of $7.25 per hour for all hours worked in violation of the Wisconsin law.

63. Defendant's violations of Wisconsin law are for dilatory and/or unjust reasons.

## REQUEST FOR RELIEF

Plaintiff, on his own behalf and on behalf of the FLSA Collective and the Wisconsin Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the FLSA Collective and issuance of notice to the FLSA Collective under 29 U.S.C. § 216(b);

B. An order certifying this action as a class action on behalf of the Wisconsin Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Nathan Witman as representative of the Wisconsin Class;

D. An order designating Hawks Quindel, S.C., as class counsel;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. An order declaring that Defendant maintained policies and practices that violated the Fair Labor Standards Act and Wisconsin law;

G. An order finding that Defendant violated the Fair Labor Standards Act and Wisconsin law;

H. Judgment against Defendant in an amount equal to Plaintiff's, the FLSA Collective's, and the Wisconsin Class's unpaid minimum wages, the sum of any tip credit taken, all tips unlawfully kept, liquidated damages, and civil penalties under the Fair Labor Standards Act and Wisconsin law;

I. An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the Fair Labor Standards Act and Wisconsin law; and

J. Any further relief that the Court deems just and equitable.

Dated: February 12, 2026

        s/ Connor J. Clegg
        Connor J. Clegg
        State Bar Number 1118534
        Larry A. Johnson
        State Bar Number 1056619
        Attorneys for Plaintiff

        Hawks Quindel, S.C.
        5150 North Port Washington Road Suite 243
        Milwaukee, WI 53217
        Telephone: (414) 271-8650
        E-mail: cclegg@hq-law.com
        ljohnson@hq-law.com